Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL CHARLES SAVAGE, v. THE CITY OF CLEVELAND AND F. G. HOGEN, AS DIRECTOR.

Decided, June 17, 1912.

*Police Officer—Trial by Civil Service Commission—Review Thereof.*

If charges upon which a member of the police force of a city was tried by the director of public safety and the civil service commission and discharged from the force, are indefinite or trivial, or not such as are recognized by law or the rules made by the police department in pursuance of the law as causes for which an officer may be suspended, the judgment of suspension is void; but if the charges, or any of them, are of the kind and character which the law recognizes as sufficient to authorize the discharge or suspension of the officer from the police department, then the court will not inquire into the question whether the charges were sustained by the evidence or not, unless fraud is alleged.

*F. F. Gentsch* and *M. B. Excell,* for plaintiff.
*E. K. Wilcox* and *John A. Stockwell,* contra.

METCALFE, J. (sitting in place of Winch, J.) ; MARVIN, J., and NIMAN, J., concur.

This action comes into this court by appeal from the court of common pleas.

The plaintiff in his petition claims that he was a member of the police force of the city of Cleveland, and that he was wrongfully discharged therefrom by the action of the defendant, the director of public safety, and of the civil service commission, and he seeks reinstatement upon the ground that the charges upon which he was tried and the order of suspension made were insufficient in law to sustain the judgment of suspension.

No evidence was introduced in this case, but the case was submitted to us upon the pleadings, and the only question that we have for determination is whether or not the charges which the plaintiff sets forth in his petition, and upon which he was tried before the director of public safety, and upon appeal from his decision, before the civil service commission, are sufficient in law to sustain the action of the commission.

The plaintiff claims that on the 28th day of April, 1911, he was suspended by the chief of police, and that thereupon the director of public safety caused certain charges to be filed against him, upon which he was tried. Upon the trial on appeal before the civil service commission, he was acquitted on the third, fourth and fifth of those charges and found guilty upon the others.

We think the same rule would apply in this case that would apply in a civil action, that is to say, that the charges upon which the plaintiff was tried must be of such a character as would sustain the judgment. If they were so indefinite or trivial, or were not such as were recognized by the law or by the rules made by the police department in pursuance of the law, as causes for which an officer might be suspended, then the judgment of suspension upon those charges would be void; but if the charges, or any of them, are of the kind and character which the law recognizes as sufficient to authorize the discharge or suspension of the officer from the police department, then this court can not inquire into the question whether those charges were sustained by the evidence or not unless fraud is found. The only question for us to determine is, were the charges sufficient.

The first charge reads as follows:

"Violation of Article XX of Rule 30, conduct subversive to good order and discipline of the department."

This charge does not inform the defendant of any specific act that he is charged with, and we think it is entirely insufficient.

Charge 2 is as follows:

"Violation of Rule 43, by being a member of the Forum Club, a club organized for the purpose of giving social entertainments among the members of the police department."

In the answer filed in this case we have a copy of Rule 43 and in it we find this provision:

"No member of the department shall * * * be connected with any club or other association or organization whose objects or purposes may have reference to the nomination or election of any candidate for office, or for the purpose of giving any social entertainments whatsoever amongst the members of the police department."

The charge in question charges the plaintiff with having become a member of the Forum Club, a club organized for giving social entertainments among the members of the police department. This is the only specification that it contains but so far as that specification is concerned, it corresponds with the provisions of the rule in question, so that the defendant would have full notice from that charge that it was plain that he was a member of such club in violation of the rule. Therefore we think that charge 2 is sufficient.

The sixth charge reads as follows:

"Conspiracy against the good order and discipline of the police department by conspiring with others to bring about the formation of a club known as the Forum Club, contrary to the rules and regulations of the police department."

This part of the charge we think is definite and certain enough to notify the plaintiff that he was charged with the violation of a rule of the department, and to definitely notify him what he would be expected to meet.

The remainder of the charge is entirely too indefinite and we quite agree with the judge rendering the opinion in the court below upon the demurrer to this petition, that it seems to have been framed rather with the purpose of concealing information than in giving it. We think also that the other charges are entirely too indefinite and do not accuse the plaintiff with any offense with sufficient particularly to notify him with what he was charged. But finding as we do that the second and sixth charges are sufficient, we think the judgment should be for the defendant dismissing the petition in this case.

It is urged on behalf of the plaintiff that the rule 43, so far as it prohibited members of the department from attending any club for the purpose of giving social entertainments amongst the members of the police department, is arbitrary and beyond the powers of the department to enact.

Power, however, is given to the department to enact such rules for the government of the officers as may seem necessary to the chief of police and the director of public safety, and we can not see that the promulgation of such a rule is beyond the power of the department; with its wisdom we have nothing to do.

It is also urged here that the defendant, upon his trial before the civil service commission, was denied the privileges of a separate trial. Admitting that this is true, the civil service commission seems to have been made, under the law, a court of final jurisdiction in the determination of charges against members of the police department involving their conduct and which may result in their dismissal. This court can not act as a court of review of the action of that court. If it abused its discretion or its powers, we do not see that we have any power to remedy that in an action of mandamus. All that we have the power to determine is whether the charges preferred were of such a character that they would sustain the action of that tribunal.